IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Technical Automation Services Corp., et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:09-1103 |
| Liberty Surplus Insurance Corporation, et al., | § § § § | |
| Defendants. | § | |

## ORDER ON DEFENDANT'S MOTION TO ALTER OR AMEND FINAL JUDGMENT AND ORDER SEVERING ISSUES AND MOTION FOR NEW TRIAL

On July 8, 2009, the parties consented to proceed before a United States magistrate judge for all further proceedings, including trial and entry of a final judgment, under 28 U.S.C. § 636(c). (Docket Entry #11). In this action, Plaintiff Technical Automation Services Corp. ("Plaintiff," "TASC") complained that its insurer, Defendant Liberty Surplus Insurance Corporation ("Defendant," "Liberty"), refused to defend and indemnify it in an underlying personal injury lawsuit. (Docket Entry #1). On May 17, 2010, the court entered an order granting the motion for summary judgment by TASC. (Docket Entry #49). In that order, the court held that Liberty owed a duty to TASC to defend it in the state court action. (*Id*.).

On June 8, 2010, the court severed the issue of Liberty's duty to defend from the remaining claim for indemnification, and entered a final judgment. (Docket Entries #50, 51). Now before the court is a motion by Liberty to amend that final judgment. (Docket

Entry #57). Liberty contends that a final judgment should not have been entered on its duty to defend, because its counterclaim for reformation of the underlying policy has not been settled. (*Id.*). Defendant also urges the court to amend the order severing the remaining claims, and to grant a new trial in this case. (*Id.*). Plaintiff argues that Defendant has not shown that such amendments are justified in light of the court's summary judgment order. (*Id.*).

**BACKGROUND**

In its motion for summary judgment, TASC underscored Liberty's duty to defend it under the Errors and Omissions endorsement (the "E&O endorsement") to the disputed policy. (Docket Entry #35). In its own motion for summary judgment, Liberty denied that the E&O endorsement was applicable in this case, for two reasons. (Docket Entry #33). Defendant argued, first, that the language of the endorsement was not triggered by the underlying lawsuit. (*Id.*). The court rejected that argument, and Liberty does not challenge that holding. (Docket Entries #49, 57).

Liberty also argued that the endorsement should not be enforced because it was included in the policy only as the result of a mutual mistake by the parties. (Docket Entry #33). For that reason, Liberty asked the court to "reform" the policy to nullify the endorsement. (*Id.*). But a party seeking reformation of a contract must show that there was an original agreement, and that a mutual mistake took place in reducing the agreement to writing. *Cherokee Water Co. v. Forderhause*, 741 S.W. 2d 377, 379 (Tex. 1987).

In its motion for summary judgment, Liberty argued that the policy "binder"[1] issued to TASC showed an "original agreement" to exclude E&O coverage. (Docket Entry #33). While that binder did not list any E&O coverage, it explicitly cautioned that it "may not provide all coverage and considerations requested in the application provided." (*Id.*). Further, John Burkland, President of TASC, testified that the company "did not want professional liability, but we did want errors and omissions" coverage. (Docket Entry #49). On that record, the court found that "Defendant has not met the first requirement for reformation, that is, that the parties had an original agreement." (*Id.*). Because the E&O endorsement provided coverage for the underlying suit, and because Defendant had not shown that the endorsement was mistakenly included in the policy, the court held that TASC was entitled to a defense from Liberty. (*Id.*). Summary judgment was granted for Plaintiff, and was denied to Defendant. (*Id.*). The court then severed the duty to defend claim, and entered a final judgment, to allow Liberty an immediate appeal. (Docket Entries #50, 51).

Liberty now contends that the court's summary judgment order did not settle whether the underlying policy should be reformed to nullify the E&O endorsement. (Docket Entry #57). In support of its contention, Liberty points to language in the memorandum order in which the court stated that "there is a genuine issue of material fact on whether an original agreement existed." (*Id.*). Liberty insists, therefore, that its reformation counterclaim remains for trial, and final judgment should not have been entered in the case. (*Id.*).

---

[1] A binder is a temporary contract for insurance that is in force while the final policy is reduced to writing. *See Medical Care America, Inc. v. National Union Fire Ins. Co.*, 341 F.3d 415 (5th Cir. 2003).

**DISCUSSION**

### *Final Judgment and Order Severing Issues*

Liberty asks, first, that the final judgment and the order severing the remaining issues be amended under Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir.2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002)). A "motion to alter or amend the judgment," under Rule 59(e), "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010)(internal quotations omitted). Altering or amending a judgment under Rule 59(e) "is an extraordinary remedy that courts should use sparingly." *Templet*, 367 F.3d at 479.

Here, Liberty contends that it was a "manifest error" for the court to state, in the final judgment, and in the order severing issues, that Defendant owes a duty to TASC to defend it in the underlying lawsuit. (Docket Entry #57). More specifically, Liberty argues that the court has yet to determine whether the disputed policy should be reformed to nullify the E&O endorsement. (*Id*.). Until that determination is made, Liberty insists, its duty to defend under that endorsement is not final. (*Id*.). To state a successful claim for reformation, Liberty was required to show that the parties originally agreed to exclude the E&O endorsement. *See Cherokee*, 741 S.W. 2d at 379. In its summary judgment order, the court found that Liberty had offered no such evidence. (Docket Entry #49). Because the court found that the endorsement applied to the underlying lawsuit, the court held that, as a

matter of law, Liberty owed TASC a duty to defend. (*Id*.). Any other language in the order notwithstanding, Liberty's duty to defend TASC was settled by the court's summary judgment finding. There has been no "manifest error," then, in severing the issue, or in entering a final judgment on that claim. Fed. R. Civ. P. 59, 60.

Liberty also moves to amend the final judgment and severance order under Rule 60, which provides that a "court may relieve a party . . . from a final judgment, order, or proceeding," due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy . . . and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005)(internal quotations omitted). Here, again, Liberty argues that, due to the issue of reformation, it was a "mistake" for the final judgment and the severance order to state that Defendant's duty to defend was settled. It is true that the "'mistake' referred to in the rule can apply to the court's own error." *Santa Fe Snyder Corp. v. Norton*, 385 F.3d 884, 887 (5th Cir. 2004). But because the court's summary judgment order held that Defendant owed a duty to defend TASC, it was not an error to state such in the final judgment, and in the order severing issues. On this record, Liberty has not identified a "mistake" entitling it to relief under Rule 60.

*New Trial*

Finally, Liberty asks for a new trial, under Federal Rule of Civil Procedure 59, on the issue of its duty to defend TASC. Similar to motions to amend a judgment, "[m]otions for a new trial . . . must clearly establish either a manifest error of law or fact or must

present newly discovered evidence." *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 344 (5th Cir. 2007)(internal quotations omitted). Here, the only "manifest error" that Liberty points to is the court's holding that it owes Plaintiff a duty to defend under the policy. That holding was based on the court's findings that the underlying lawsuit triggered coverage under the E&O endorsement, and that no evidence existed to show that the policy should be reformed to nullify the disputed endorsement. (Docket Entry #49). In its motion, Liberty has not offered new evidence or legal authority to call those findings into question. Defendant has not "clearly established," then, that a "manifest error" exists which entitles it to a new trial. *Id*.

**CONCLUSION**

Based on the foregoing, Liberty has not shown that a mistake exists that requires amendment of the final judgment or the order severing issues. Nor has it pointed to an error of law or fact that would entitle it to a new trial. On this record, Defendant's motion is **DENIED**. Fed.R.Civ.P. 59, 60.

The Clerk of the Court shall enter this order and provide a true copy to all counsel of record.

**SIGNED** at Houston, Texas, this 17th day of August, 2010.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**

6