IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Technical Automation Services Corp., et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:09-1103 |
| Liberty Surplus Insurance Corporation, et al., | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On July 8, 2009, the parties consented to proceed before a United States magistrate judge for all further proceedings, including trial and entry of a final judgment, under 28 U.S.C. § 636(c). (Docket Entry #11). In this action, Plaintiff Technical Automation Services Corp. ("Plaintiff," "TASC") complains that its insurer, Defendant Liberty Surplus Insurance Corporation ("Defendant," "Liberty"), refused to defend it in an underlying personal injury lawsuit. (Notice of Removal, Docket Entry #1). On May 17, 2010, the court granted Plaintiff's request for a declaratory judgment that Defendant owed it a defense in the underlying suit. (Memorandum and Order on Cross-Motions for Summary Judgment, Docket Entry #49). TASC now moves for summary judgment on its breach of contract claim, and argues further that it should be awarded attorneys' fees for prosecuting this action. (Plaintiff's Motion for Summary Judgment on Issues of Defendant Liberty Surplus Insurance Corporation's Liability for Defense Cost and Claims of Mutual Mistake and Request for Hearing ["Plaintiff's Motion"], Docket Entry #77; Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment on Issues of Defendant Liberty Surplus Insurance Corporation's Liability for Defense Cost and

1

Claims of Mutual Mistake and Request for Hearing ["Plaintiff's Reply"], Docket Entry #86). TASC also "seeks summary judgment on any remaining issues of mutual mistake pled by Defendant Liberty, either as an affirmative claim or as an affirmative defense." (*Id*.). Defendant does not dispute that, if it had a duty to defend Plaintiff, it breached that duty by failing to do so. (Defendant Liberty Surplus Insurance Corporation's Response to Plaintiff's Motion for Summary Judgment on Issues of Defendant's Liability for Defense Cost and Claims of Mutual Mistake ["Defendant's Response"], Docket Entry #84). Liberty denies, however, that TASC is entitled to an award of attorneys' fees, or to judgment on the issue of mutual mistake. (*Id*.). After a review of the motion, the evidence presented, and the applicable law, it is **ORDERED** that Plaintiff's motion is **GRANTED** in its entirety.

BACKGROUND

This suit arises out of Liberty's refusal to defend TASC in a suit pending in Texas state court. (Plaintiff's Second Amended Original Complaint ["Complaint"], Docket Entry #26). In 2004, Liberty issued TASC a commercial general liability insurance policy, which provided that Defendant "will have the right and duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage'" that "occurs during the policy period." (Ex. 2 to Complaint: *insurance policy DGL-BO-199658-023* [the "policy"]). The policy also included a "Miscellaneous Errors and Omissions" endorsement, which stated the following:

> Subject to the conditions and exclusions in the Coverage Part, the coverage afforded by this endorsement shall apply to those sums which you shall become legally obligated to pay as damages as a result of any negligent act, error, or omission committed by you, that results in "bodily injury" or "property damage" committed during the policy period in the conduct of the operations shown in the Schedule above.

(Ex. 2 to Complaint: *Endorsement No. 19 – Miscellaneous Errors and Omissions endorsement* [the "E&O endorsement"]).

2

In 2005, Technical contracted with Intervenor OXY Vinyls to oversee the "removal and inspection of a chlorine flow transmitter and the installation of a new transmitter" at the Intervenor's Deer Park Caustic Plant. (Ex. 1 to Complaint: Plaintiff's Fifth Amended Petition, *Juan Valdavions v. OXY Vinyls, L.P., et. al.*, Case No. 2007-08037 ["Valdavinos Complaint"]). On February 24, 2005, three days after Plaintiff's insurance coverage under the Liberty policy had expired, an OXY Vinyls employee, Juan Valdavinos, was injured by a chlorine leak at the Deer Park plant. (*Id.*). In 2007, Valdavinos brought a lawsuit against both Technical and OXY Vinyls in the District Court for Harris County, Texas, 295th Judicial District ("the "Valdavinos suit"). (*Id.*). On September 11, 2008, TASC submitted a timely claim for a legal defense to the Valdavinos suit, but Liberty denied any obligation to defend Plaintiff. (Ex. 4 to Complaint). TASC filed this action for breach of contract and declaratory judgment on March 2, 2009, in the District Court of Harris County, Texas, 55th Judicial District. (Notice of Removal, Docket Entry #1). Liberty removed the case to this court on April 14, 2009. (*Id.*).

TASC and Liberty then filed cross-motions for summary judgment. In its motion, TASC underscored Liberty's duty to defend it under the E&O endorsement to the disputed policy. (Docket Entry #35). In its own motion for summary judgment, Liberty argued, first, that the endorsement should not be enforced because it was only included in the policy as the result of a mutual mistake by the parties. (Docket Entry #33). For that reason, Liberty asked the court to "reform" the policy to nullify the endorsement. (*Id.*). The court found, however, that "Defendant ha[d] not met the first requirement for reformation, that is, that the parties had an original agreement." (Memorandum and Order on Cross-Motions for Summary Judgment, Docket Entry #49). The court also rejected Defendant's argument that the language of the endorsement was not triggered by the underlying lawsuit. (*Id.*). Because the E&O endorsement provided coverage for

3

the underlying suit, and because Defendant had not shown that the endorsement was mistakenly included in the policy, the court held that TASC was entitled to a defense from Liberty. (*Id.*). Summary judgment was granted for Plaintiff, and was denied to Defendant. (*Id.*). The court severed the duty to defend claim, and entered a final judgment to allow Liberty an immediate appeal. (Docket Entries #50, 51).

On July 6, 2010, Liberty filed a motion to alter the final judgment. (Defendant Liberty Surplus Insurance Corporation's Motion to Alter or Amend Final Judgment and Order Severing Issues and Motion for New Trial ["Defendant's Motion to Alter"], Docket Entry #57). Liberty contended that the court's summary judgment order did not settle whether the underlying policy should be reformed to nullify the E&O endorsement. (*Id.*). The court denied Liberty's motion, and restated its,

> . . . findings that the underlying lawsuit triggered coverage under the E&O endorsement, and that no evidence existed to show that the policy should be reformed to nullify the disputed endorsement.

(Docket Entry #62). Liberty has since appealed the issue on the duty to defend to the United States Court of Appeals for the Fifth Circuit. (Docket Entry #50).

Before this court, Plaintiff moves for summary judgment on its breach of contract claim, and seeks a finding that it is entitled to an award of attorneys' fees. (Plaintiff's Motion p.1). TASC also "request[s] summary judgment on the claims by Liberty of a mutual mistake." (*Id.*). Liberty does not deny that it breached any duty it may have owed TASC to provide a legal defense in the Valdavinos lawsuit. (Defendant's Response). The insurer does contend, however, that Plaintiff is not entitled to an award of attorneys' fees at this time, or to judgment on the issue of mutual mistake. (*Id.*). After a review of motion, the evidence presented, and the applicable law, it is **ORDERED** that Plaintiff's motion is **GRANTED**.

4

**STANDARD OF REVIEW**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the non-movant's case. *Duffie v. U.S.*, 600 F.3d 362, 371 (5th Cir. 2010). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *Id*. When the moving party has met its Rule 56 burden, the non-movant cannot survive a motion for summary judgment by resting merely on the allegations in its pleadings. *Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000). If the movant does meet his burden, the non-movant must go beyond the pleadings and designate specific facts to show that there is a genuine issue for trial. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). Further, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 295 (5th Cir. 2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there are issues of fact remaining for trial. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). If the evidence presented to rebut the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986). But, in deciding a summary judgment

motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id*. at 248. However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of poof at trial." *Celotex Corp.*, 477 U.S. at 322; *Versai Management Corp. v. Clarendon America Ins. Co.*, 597 F.3d 729, 735 (5th Cir. 2010).

**DISCUSSION**

As a threshold matter, the court has previously rejected Defendant's request to reform the disputed policy to correct an alleged mutual mistake. (Memorandum and Order on Cross-Motions for Summary Judgment, Docket Entry #49). Liberty earlier sought summary judgment on that ground, arguing that it had no duty to defend Plaintiff under the E&O endorsement. (*Id.*). The court found, however, that no evidence of a mutual mistake existed, and that Defendant was obligated to defend TASC in the Valdavinos lawsuit. (*Id.*). For that reason, Plaintiff's motion for summary judgment on the issue of Liberty's duty to defend was granted. (*Id.*). Further, in denying Defendant's motion to alter the final judgment, the court ruled that Liberty owed TASC a defense, because "the underlying lawsuit triggered coverage under the E&O endorsement, and . . . no evidence existed to show that the policy should be reformed to nullify the disputed endorsement." (Docket Entry #49).

*Breach of Contract*

TASC contends that, because the court has found that Liberty had an obligation to defend it in the underlying suit, there is no question that the insurer breached the insurance contract between the parties by failing to do so. (Plaintiff's Motion). TASC argues that the court should grant judgment in its favor on its breach of contract claim, which would "dispose of all issues in

6

this case except for the amount of damages." (*Id*. p.2). In response to Plaintiff's motion, Liberty concedes that, "[if it] was required to defend Plaintiff" in the Valdavinos lawsuit, then it is "responsible for Plaintiff's reasonable and necessary attorney's fees incurred after . . . [TASC] requested" a legal defense. (Defendant's Response p.8).

The parties agree that the disputed policy is governed by Texas law. (Plaintiff's Motion p.3; Defendant's Response p.5). Under Texas law, the elements of a successful breach of contract claim are "(1) the existence of a valid contract between plaintiff and defendant, (2) the plaintiff's performance or tender of performance, (3) the defendant's breach of the contract, and (4) the plaintiff's damage as a result of the breach." *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.-Houston [14th Dist.] 2000, no pet.). Here, the court has found that the disputed policy imposed on Defendant a duty to defend TASC in the underlying suit. (Memorandum and Order on Cross-Motions for Summary Judgment, Docket Entry #49). Defendant failed to provide the required defense, and, as a result, Plaintiff was forced to hire its own attorneys to defend against the state court lawsuit. On this record, there is no genuine issue of material fact on whether Defendant breached the parties' contract. Plaintiff's motion on the issue is granted. Fed.R.Civ.Pro. 56.

*Attorneys' Fees*

Finally, TASC contends that it is entitled to an award of attorneys' fees. (Plaintiff's Motion). Plaintiff argues, first, that it may recover its fees under the Texas Declaratory Judgment Act ("TDJA"). (*Id*.). Liberty is correct, however, that the Fifth Circuit has held consistently that parties to diversity actions may not recover fees under the TDJA. See, e.g., *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 701 (5th Cir. 2009); *Olander v. Compass Bank*, 363 F.3d 560, 567-68 (5th Cir. 2004); *Utica Lloyds of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) ("we now

hold[] that a party may not rely on the Texas DJA to authorize attorneys' fees in a diversity case because the statute is not substantive law").

TASC also argues that it is entitled to fees under § 38.001 of the Texas Civil Practice & Remedies Code, which states that,

> A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:
>
> * * *
>
> (8) an oral or written contract.

Tex. Civ. Prac. & Rem. Code § 38.001(8). "To recover attorney's fees under this chapter," however,

> (1) the claimant must be represented by an attorney;
>
> (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and
>
> (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

Tex. Civ. Prac. & Rem. Code § 38.002. Here, Liberty argues that TASC did not properly "present" its claim to the insurer. There is no dispute that, in its September 11, 2008 letter, TASC notified Liberty of the underlying suit, and requested a legal defense under the terms of its insurance policy. "The purpose of presentment is to allow the opposing party a reasonable opportunity to pay a claim without incurring an obligation for attorney's fees." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). The Texas Supreme Court has explained that "an essential element to recovery of attorney's fees under Chapter 38 in a suit based on a contract is 'the existence of a duty or obligation which the opposing party has failed to meet.'" *Id.* (quoting *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)). For that reason, an

8

insured properly "presents" a claim only when it seeks benefits that its insurer has a "contractual duty to" provide at the time of the request. *Id.*

Under the insurance policy at issue here, Liberty had a "contractual duty" to defend TASC in the Valdavinos lawsuit. (Memorandum and Order on Cross-Motions for Summary Judgment, Docket Entry #49). There is no question that TASC requested a legal defense from Liberty in the September 11, 2008 letter, and that Liberty refused to provide a defense. On this record, TASC has complied with the requirements of Tex. Civ. Prac. Rem. § 38.002, and it is entitled to an award of attorneys' fees for its successful breach of contract claim.

**CONCLUSION**

Based on the foregoing, it is **ORDERED** that Plaintiff's motion is **GRANTED**. Further, Plaintiff Technical Automation Services Co., Ltd's Motion to Strike Summary Judgment Evidence and Brief in Support, Docket Entry #85, is moot.

The Clerk of the Court shall enter this order and provide a true copy to all counsel of record.

**SIGNED** at Houston, Texas, this 16th day of June, 2011.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**